UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,       Case No. 1:23-cr-20118

v.       Honorable Thomas L. Ludington
    United States District Judge

BRODY MILLER,

    Honorable Patricia T. Morris
    Defendant.       United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S BOND**

Before this Court is the issue of whether the defendant, Brody Miller, has overcome the presumption of detention and should be allowed to remain on bond until trial. After carefully considering the nature and circumstances of the charged offenses, the strength of the evidence against him, his history and characteristics, and the nature and seriousness of the danger posed by his release, this Court finds that Miller has indeed rebutted the presumption of detention.

**I.**

On February 22, 2023, Defendant Brody Miller was indicted on one count of conspiracy to distribute and to possession with intent to distribute Fentanyl, 21 U.S.C. §§ 841(a)(1), 846, one count of possession with intent to distribute Fentanyl, *id.* § 841(a)(1), and one count of possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). ECF No. 1. He consented to detention and then filed a motion for bond. *See* ECF No. 12.

On July 11, 2023, Magistrate Judge Patricia T. Morris held a detention hearing and ordered that Defendant be released on bond until trial with certain conditions she found could reasonably assure the safety of the community and Defendant's appearance at trial. ECF No. 16.

The Government now seeks revocation of Defendant's bond, asserting that he cannot rebut the presumption of detention and that no conditions of release could reasonably assure his appearance or the safety of the community. ECF No. 14.

## II.

The district court reviews a magistrate judge's pretrial detention order *de novo*, making an independent determination of the proper pretrial detention or conditions for release. *United States v. Amir*, No. 1:10-CR-00439, 2011 WL 2711350, at *3 (N.D. Ohio July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). The court need not defer to the magistrate judge's conclusion or start from scratch yet must do some independent review of the decision. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1128 (S.D. Ohio 2000) (quoting *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990)).

If, as here, the defendant is charged with an offense under 18 U.S.C. § 924(c) or an offense that has a maximum term of imprisonment of 10 years or more as prescribed in the Controlled Substance Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance or the community's safety. 18 U.S.C. § 3142(e)(3)(A)–(B). In determining whether certain such conditions exist, the court must consider the four factors outlined in 18 U.S.C. § 3142(g).

<u>Nature and Circumstances of the Offense Charged</u>. Defendant faces serious charges pertaining to controlled substances and firearms. Yet he posits a plausible contention: the quantity of controlled substances and the presence of firearms in his possession might indicate personal use rather than an intent to distribute. ECF No. 18 at PageID.78. Although not yet fully litigated, Defendant does raise a legitimate question regarding his level of involvement in the alleged offenses. But the grand jury's determination of probable cause supports the notion that Defendant's

actions extended beyond personal use. Thus, the nature and circumstances of the charged offenses lean toward detention.

Weight of the Evidence. This factor relates to the weight of the evidence of a defendant's dangerousness and risk of nonappearance, not the weight of evidence of his guilt. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). The Government claims to have evidence of controlled purchases of Fentanyl tablets from Defendant, along with his affiliation with a social-media group linked to drug distribution. ECF No. 14 at PageID.36. On the other hand, Defendant claims he had drugs because he is a user. ECF No. 18 at PageID.78. That factual dispute is best left for trial. However, Defendant also notes that he was actively undergoing rehabilitation and seeking treatment for his drug addiction. *Id.* at PageID.71. These earnest efforts to confront his substance-abuse issues, along with his prior cooperation with law enforcement, *see id.* at PageID.68, suggest a potential for rehabilitation and a reduced risk of reoffending. Considering the narrow purpose of this factor, the weight of the evidence does not unequivocally favor detention.

History and Characteristics of the Defendant. Defendant is a youthful 19 years of age and has a clean criminal record. *Id.* at PageID.71. He was actively pursuing an education in automotive mechanics at Delta College, with aspirations of becoming a mechanical engineer. *Id.* at PageID.72. His strong community ties, the support he receives from his mother, and his potential for completing his education all tip the scales in favor of granting bond. *See id.* In addition, he emphasizes his ongoing efforts at rehabilitation and his willingness to seek counseling for past traumas. *Id.* at PageID.73. These factors affirm Defendant's potential for rehabilitation and successful reintegration into society, assuaging concerns of flight risk or nonappearance.

<u>Nature and Seriousness of the Danger Posed by Defendant's Release</u>. The Government asserts that Defendant poses a threat to the community due to his involvement in drug trafficking and possession of firearms. ECF No. 14 at PageID.44. While these concerns have merit, it is crucial to note that Defendant consented to detention and patiently requested bond through the proper legal channels. ECF No. 12. And he has no history of assaultive behavior or using firearms to cause harm. ECF No. 18 at PageID.80. Moreover, he has expressed a willingness to abide by the conditions of release, including abstaining from alcohol, engaging in substance-abuse therapy and counseling, and avoiding contact with people involved in illegal drug use. *Id.* at PageID.73, 82. These measures, coupled with the supervision of Pretrial Services, can reasonably mitigate the potential danger associated with Defendant's release. Thus, this factor militates against detention.

In conclusion, Defendant has presented compelling arguments and evidence that sufficiently rebut the presumption of detention. True, the charges against him are grave. But Defendant's youth, lack of a criminal record, active pursuit of education, demonstrated commitment to rehabilitation, and active familial support persuade this Court that the conditions of release—proposed by Pretrial Services and ordered by Judge Morris—can effectively address any concerns regarding flight risk and danger to the community.

### III.

Accordingly, it is **ORDERED** that the Government's Motion to Revoke Order of Release, ECF No. 14, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: July 18, 2023               s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge